UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EDWARD M. ZINNER,

        Petitioner,

v.                                    Civil Action No. 2:24-cv-275

WARDEN,
*FCI Loretto*

        Respondent.

## OPINION AND ORDER

Pro se Petitioner Edward M. Zinner ("Petitioner" or "Zinner") filed a habeas petition pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' calculation of prior custody credit for his sentence stemming from his 2017 convictions in this court. Pet. Writ Habeas Corpus ("Pet.") (ECF No. 1). At the time he filed the Petition, Zinner was serving his federal sentence on home confinement under the Bureau of Prisons' ("BOP") purview. Zinner moved to transfer the habeas action to the Middle District of Florida, where he now resides. Mot. Transfer Venue (ECF No. 3). The court denied the motion. Order (ECF No. 5). The only remaining claim in Zinner's Petition challenges the calculation of his sentence, namely the denial of credit against his federal sentence for time served during pretrial detention from August 29, 2017, to May 18, 2018. Pet. (ECF No. 1, at 7). For the reasons explained below, Zinner's Petition is DISMISSED as moot.

## I.      BACKGROUND

On April 29, 2024, Petitioner filed his Petition for Writ of Habeas Corpus, asking this court to order BOP to recalculate his sentence and apply credit for additional time spent in pretrial custody. Id. He concedes that he is not entitled to credit for time served which was applied to his state sentence, but asserts that he is entitled to credit for the period from August 29, 2017, to May

18, 2018. Id.

On October 8, 2024, Respondent Warden ("Respondent") filed a Motion for Summary Judgment and the notice to pro se plaintiffs required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Mot. Summ. J. (ECF No. 8); Resp't's Roseboro Notice (ECF No. 10). On October 25, 2024, Petitioner filed a response opposing the motion. Pet'r's Resp. Mot. Summ. J. (ECF No. 15). On November 4, 2024, Respondent replied. Resp't's Reply Supp. Mot. Summ. J. (ECF No. 17). In that reply, Respondent conceded that further inquiry into Zinner's sentence calculation revealed a mistake in BOP's initial calculation of time served credits. Id. at 2. As a result, BOP updated Petitioner's sentence calculation and release date. Id. On November 8, 2024, Petitioner filed a Motion to Strike Respondent's Reply, alleging that BOP again failed to use the correct time served dates, even in the updated calculations. Mot. Strike (ECF No. 19, at 2, 4-6). Respondent opposed the motion, Resp't's Opp'n Mot. Strike (ECF No. 20), and on December 2, 2024, Petitioner replied, Pet'r's Reply Resp't's Opp'n Mot. Strike (ECF No. 21).

On December 13, 2024, while the parties' motions were pending before the court, the Government filed a Notice of Executive Grant of Clemency signed by President Biden in Zinner's underlying criminal action. The Grant of Clemency commuted the balance of Zinner's sentence, effective December 22, 2024. See United States v. Zinner, No. 4:17-cr-03 (ECF No. 217). In light of the President's action, the court issued an Order to Show Cause as to why this matter should not be dismissed as moot. Order Show Cause (ECF No. 22, at 1-2). Respondent advised the court that dismissing this matter as moot would be appropriate now that Petitioner has been released pursuant to the Executive Grant of Clemency. Resp't's Resp. (ECF No. 23, at 1). Petitioner, however, alleges that his claims are not moot because clemency does not redress his injuries and, therefore, has no bearing on his motions before the court. Pet'r's Resp. (ECF No. 28, at 1).

2

Petitioner does not dispute his release pursuant to the Grant of Clemency on December 22, 2024, but argues he should have been released on December 14, 2024, had the Bureau of Prisons correctly calculated his sentence. Id. at 2. Accordingly, Petitioner requests that the court "proceed with issuing a ruling" in this matter and "grant to Petitioner any and all relief deemed by the Court to be appropriate and just." Id. at 1,4. Both parties have consented to proceed before the undersigned United State Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 7, 11).

## II.    ANALYSIS

**A.    President Biden's Commutation of Petitioner's Sentence Renders the Petition Moot.**

Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. Federal court jurisdiction requires an ongoing case or controversy throughout all stages of the proceedings. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). A case where "parties lack a legally cognizable interest in the outcome" is moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). A moot action does not qualify as an "active case or controversy." Watson v. I.N.S., 271 F. Supp. 2d 838, 839 (E.D. Va. 2003) (quoting Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997)); see also Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (citing DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.")). Finally, a case can become moot because of a change in the facts or law. J.W. v. Knight, 452 F. App'x 411, 414 (4th Cir. 2011) (citing Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983)).

Here, due to an undisputed change in facts, Zinner's Petition no longer presents an active case or controversy. See Palacio v. Sullivan, 814 F. App'x 774, 775 (4th Cir. 2020) (dismissing petition as moot after petitioner's release from incarceration). First, in his Petition, Zinner requested as relief that the court "order the BOP to apply all pretrial time served[] that was not

3

credited to any other sentence." Pet. (ECF 1, at 7). In the time since Zinner filed the Petition, the

BOP recalculated Petitioner's time served credits and updated his release date. Resp't's Reply

Supp. Mot. Summ. J. (ECF No. 17, at 2). While Petitioner alleges that BOP still used the wrong

dates in its recalculation, Mot. Strike (ECF No. 19, at 2, 4-6), the court need not reach the merits

of that dispute because Petitioner has since been released from confinement after President Biden

commuted the balance of his sentence, effective December 22, 2024. See United States v. Zinner,

No. 4:17-cr-03 (ECF No. 217). These factual changes render his case moot.

 The Petition is also moot because Petitioner requested a form of relief that this court cannot

grant. See, e.g., United States v. Ketter, 908 F.3d 61, 65 (4th Cir. 2018) (quoting Knox v. Serv.

Emps. Int'l Union, Loc. 1000, 567 U.S. 298, 307 (2012) ("A case becomes moot only when it is

impossible for a court to grant any effectual relief whatever to the prevailing party.")). In his

Petition, Zinner sought additional time served credits and an earlier release date. Pet. (ECF No. 1,

at 7). While the parties do not agree on the amount of time served credit to which Zinner was

entitled, he has since been released from confinement. Moreover, in his response to the court's

Order to Show Cause as to why this matter should not be dismissed as moot, Petitioner did not

state any new requests for relief. Pet'r's Show Cause Ct. Proceed Ruling (ECF No. 28, at 1, 4).

Consequently, Petitioner has no legally cognizable interest in the outcome of this case, nor is there

any available relief that this court can grant. In light of BOP's recalculation of pretrial time served

credits and Zinner's release under President Biden's Executive Grant of Clemency, this case is

moot. Thus, this court does not have jurisdiction.

**B.    The Exceptions to the Mootness Doctrine Do Not Apply.**

 There are two exceptions to dismissal under the mootness doctrine: (1) the existence of

"collateral consequences;" and (2) cases which are "capable of repetition, yet evading review."

<u>Leonard v. Hammond</u>, 804 F.2d 838, 842 (4th Cir. 1986) (quoting <u>Carafas v. LaVallee</u>, 391 U.S. 234, 237 (1968)). First, when Petitioner can demonstrate a collateral consequence in the form of "some concrete and continuing injury other than the now-ended incarceration," the case is not moot. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998). Second, the "capable of repetition yet evading review" exception is satisfied when the challenged action is too brief in duration to be fully litigated before it ends or expires, and there is a reasonable expectation that the complaining party will be subjected to the same action again. <u>Leonard</u>, 804 F.2d at 842.

Here, Petitioner does not allege any collateral consequence in his Petition—he contends only that BOP miscalculated the amount of time he served before his trial. Pet. (ECF No. 1 at 6-8). Secondly, while Petitioner does not raise the second exception to the mootness doctrine, he could not meet his burden of proving that his alleged wrongful detention is "capable of repetition." A mere possibility that he might be taken into custody for a hypothetical violation of the law sometime in the future is insufficient. <u>Incumaa v. Ozmint</u>, 507 F.3d 281, 289 (4th Cir. 2007). In sum, because Petitioner is no longer in custody following the commutation of his sentence and asserts no ongoing collateral consequences from his conviction, neither exception to the mootness doctrine applies.[1]

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Zinner's Petition under 28 U.S.C. § 2241 is DISMISSED AS MOOT.

---

[1] Zinner's response to the Show Cause Order suggests the court must still resolve disputes about the exact end date of his home-confinement because "the findings sought . . . are required so that Petitioner's injuries and civil rights violations can be addressed in further relevant litigation." Pet'r's Resp. (ECF No. 28, at 3). But this too is beyond the court's jurisdiction. <u>See</u> <u>TransUnion LLC v. Ramirez</u>, 594 U.S. 413, 424 (2021) ("[F]ederal courts do not issue advisory opinions."). Nonetheless, this Order does not preclude Petitioner from seeking redress for his allegedly prolonged period of home confinement if he can establish such claims in future litigation.

Finding that the basis for dismissal of Petitioner's § 2241 Petition is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); see Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). **If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so within sixty (60) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.**

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

March 3, 2025

6

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

**Edward M. Zinner**
2408 Beach Street South
Gulfport, Florida 33707

A copy of the foregoing was provided electronically this date to:

**Virginia Lynn Van Valkenburg**
Assistant United States Attorney
United States Attorney's Office
101 West Main Street
Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By__/s/ J. L. Meyers_____
Deputy Clerk

____March 3_____, 2025